Scott, C.J.
The defendants in error brought suit in the-court of common pleas, as sureties, to obtain indemnity from-their principal, before the debt for which they were bound' became due. Their right to maintain such action is given by .the 501st section of the code, “ whenever any of the grounds-exist upon which, by the provisions of this code, an order-may be made for arrest and bail, or for an attachment.” The 502d section further provides, that: “ In such action the-surety may obtain any of the provisional remedies mentioned in title 8, upon the grounds, and in the manner therein described.” The effect of this section, is to place sureties upon the same footing with creditors, in respect to the right of obtaining provisional remedies. The only grounds which authorize a creditor to obtain an attachment against the property of his debtor, before his claim becomes due, are to be-found in section 280. The grounds stated in the affidavit of the sureties, in this case, are two, First, “That the said James Bolens has- absconded with the intent to defraud his creditors,”and, Second, “That the sa.id James Bolens is about to dispose of his property, with the intent to defraud his creditors.” The former of these grounds, would give the sureties a right to maintain their action for indemnity before-the maturity of the debt; but the latter alone is found in section 230, as one of the grounds for the provisional remedy of attachment, when the debt is not due.
In the affidavit, this latter ground was stated substantially in the language of the statute, and sworn to positively, and *581 was sufficient to authorize the allowance of the attachment by the judge. Harrison & Wiley v. King et al. 9 Ohio St. Rep. 388. On such a showing he might, in his discretion, allow, or refuse to allow, the writ.
The subsequent motion to discharge the attachment, was not founded on a denial of the facts stated in the affidavit, but rested solely on the alleged insufficiency of the facts, as stated in the affidavit, to justify the allowance of the writ. 'The question thus raised, was a question not of fact, but of law. In holding, as matter of law, that the affidavit was insufficient to justify the allowance of an attachment, and in, therefore, discharging it, the court of common pleas erred. The previous exercise of discretionary power by the judge, in allowing the writ, could not properly be reviewed by that court, and its judgment was properly reversed by the district court.

Judgment of the district court affirmed.

Sutliee, Peck, Gholson and Brinkerhoee, JJ\, concurred.